IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SONYA KIMBLE,

       Plaintiff,      Case No. 3:12 CV 631

 -vs-

                 <u>MEMORANDUM OPINION</u>

STATE FARM FIRE AND CASUALTY CO.

       Defendant.

KATZ, J.

  Plaintiff Sonya Kimble brought this action against Defendant State Farm Fire and Casualty Company after State Farm denied her fire insurance claim. Defendant now moves for summary judgment, and also moves to strike Plaintiff's sur-reply brief. For the reasons that follow, Defendant's motion to strike is granted and Defendant's motion for summary judgment is denied.

**I. Background**

  In November 2010, Plaintiff obtained a renters insurance policy from Defendant to cover her rental home. Plaintiff applied for the policy over the telephone, with insurance agent Jennifer Harris asking Plaintiff questions and filling-in the application form. Among the application's "pre-eligibility questions" were:

- Has the applicant been convicted of arson, fraud, or other insurance related offenses?
- Has the applicant had any losses, insured or not, in the past five years?
- Has any insurer or agency canceled or refused to issue or renew similar insurance to the named applicant or any household member within the past three years?

The application form reflects negative answers to all three questions. Yet, Plaintiff has previous convictions for welfare fraud and for passing bad checks. Moreover, Plaintiff was compensated

by American Family Insurance in September 2007 for a theft-related loss, and American Family Insurance later canceled Plaintiff's policy in January 2008 for failure to pay premiums.

On April 27, 2011, Plaintiff's rental home sustained fire damage, and Plaintiff subsequently submitted a claim to Defendant. Defendant denied the claim on grounds that Plaintiff made false warranties on her application by falsely answering the three pre-eligibility questions, thereby rendering the policy void *ab initio* pursuant to the following Amendatory Endorsement:

> **DECLARATIONS CONTINUED**, the following is added:
>
> You agree, by acceptance of this policy, that:
>
> 1. Any application for the insurance provided by this policy, including any warranty made by you, is a part of this policy; and
>
> 2. All statements in the application for insurance and in the Declarations are warranties.
>
> The policy is void from its inception if any warranty made by you is found to be false.

Amendatory Endorsement, Ex. H, Doc. 16-9 (hereinafter, "Am. Endorsement").

Plaintiff subsequently brought the instant action against Defendant for breach of contract, bad faith and punitive damages. Plaintiff contends that she was never asked the three pre-eligibility questions during her telephone application. Defendant now moves for summary judgment, and also moves to strike Plaintiff's sur-reply brief.

## II. Motion to Strike

Defendant's motion to strike Plaintiff's sur-reply is granted. While Plaintiff claims the sur-reply is necessary to rebut inaccurate statements made in Defendant's reply brief, the

2

substance of the sur-reply improperly attempts to bolster arguments already present in Plaintiff's opposition. Accordingly, Plaintiff's surr-reply will be stricken from the record.

**III. Motion for Summary Judgment**

**A. Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some

type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**B. Analysis**

**1. Breach of Contract**

Under Ohio law, an insured's misrepresentation of a warranty (a statement that is incorporated into the policy and pertains to a material fact), renders the insurance policy void *ab*

*initio*. *Allstate Ins. Co. v. Boggs*, 27 Ohio St. 2d 216, 219 (1971). Here, Defendant moves for summary judgment on grounds that the Amendatory Endorsement, described *supra*, defines the statements in Plaintiff's insurance application as warranties, and specifically incorporates those warranties into the policy. *See* Am. Endorsement ("1. Any application for the insurance provided by this policy, including any warranty made by you, is part of the policy; and 2. All statements in the application for insurance and in the Declarations are warranties."). Plaintiff does not dispute this fact, but claimed at deposition that she was never asked the pre-eligibility questions. Rather, Plaintiff contends that the agent filled in the false answers. Consequently, Plaintiff argues that there is a factual dispute as to whether the policy is void for misrepresentation of warranties.

Defendant attempts to negate the existence of a factual dispute by asking the Court to disregard Plaintiff's deposition testimony, in which Plaintiff claims she was never asked the pre-eligibility questions. Defendant argues this testimony conflicts with Plaintiff's earlier testimony from the same deposition, as well as that from Plaintiff's prior Examination Under Oath ("EUO"). *See*, *e.g.* Pl's. Dep., Ex. A, Doc. 16-2 at 29:3-8 ("Q: . . . . Do you remember being asked: Have you had any losses, insured or not, in the past five years? A: Yes. I do remember that one. And the reason for that is because I had a break in on Stickney, and I told her about that."). Defendant points to the Supreme Court's decision in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999), which held that "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Id*. at 806. Defendant also cites the Sixth Circuit's decision in *Bonds v. Cox*, 20 F.3d 697 (6th Cir. 1994), which declared that

5

"[w]e do not believe that the standard of review for summary judgment described in *Matsushita* [(requiring all reasonable inferences to be drawn in non-movant's favor),] requires us to ignore a party's own conflicting statements in construing the facts to her best advantage." *Id.* at 703 (citing *Matsushita*, 475 U.S. at 587).

The *Cleveland* and *Bonds* decisions cited by Defendant refer to what has become known generally as "the sham affidavit doctrine." *See Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 251 (3d Cir. 2007) ("[E]very federal court of appeals has adopted some form of the sham affidavit doctrine."). Under this doctrine, "a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony." *Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir. 1997).

The Court rejects Defendant's assertion that the sham affidavit doctrine—which prevents a non-movant from conjuring-up a post-motion affidavit to create a factual dispute—enables courts to disregard deposition testimony. The Court so finds notwithstanding the permissive language in the Sixth Circuit's *Bonds* decision, which, on its face, accommodates Defendant's argument. *See Bonds*, 20 F.3d at 703 ("[w]e do not believe that the standard of review for summary judgment described in *Matsushita* requires us to ignore a party's own conflicting statements in construing the facts to her best advantage."). The *Bonds* decision, as well as the cases to which *Bonds* cites as authority, all deal with a non-movant's submission of post-motion affidavits. They do not deal with conflicting deposition testimony. *See id.* (citing *Gagne v. Nw. Nat. Ins. Co.*, 881 F.2d 309, 315 (6th Cir. 1989); *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986)) (all addressing contradictory post-motion affidavits). Moreover, this Court has not located any cases

6

that cite *Bonds* for the proposition that courts may disregard conflicting deposition testimony, and Defendant has offered none. Further, extending *Bonds* to situations of conflicting deposition testimony is inconsistent with the principle that courts have a limited role in construing evidence at the summary judgment stage. *See Anderson*, 477 U.S. at 251-52 ("[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."); *see also Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994) (on summary judgment, courts must accept non-movant's direct evidence as true and may not inquire into the credibility thereof–courts may only inquire into implausibility of inferences drawn from circumstantial evidence); *Black v. City of Blue Ash*, No. 1:08-CV-00584, 2010 U.S. Dist. LEXIS 25155, at *10-*11 (S.D. Ohio Mar. 17, 2010) (analyzing *Anderson*, *supra* and *Adams*, *supra*). In short, the decision as to what to believe and what to disregard in Plaintiff's deposition testimony is entrusted to the jury at trial, not to the Court on summary judgment.

Turning to an alternative argument offered by Plaintiff, she stresses that even assuming the State Farm agent did ask the pre-eligibility questions, the policy's "Concealment or Fraud" provision requires Plaintiff to have *intentionally* mis-represented material facts or circumstances for the policy to be void. *See* Policy Excerpt, Ex. G, Doc. 16-8 at ¶ 2 ("This policy is void . . . if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance . . . ."). Plaintiff maintains there is a factual dispute as to whether any misrepresentation was intentional, and therefore argues that summary judgment is inappropriate.

The Court finds that Plaintiff's intent as to any putative misstatements, and that the "Concealment or Fraud" provision itself, is immaterial in light of the previously described

7

Amendatory Endorsement, which declares that "[a]ll statements in the application . . . are warranties. This policy is void from its inception if any warranty made by you is found to be false." Am. Endorsement; *see also Boggs*, *supra*, 271 N.E.2d at 858 ("A warranty is a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy or in another instrument specifically incorporated in the policy."). Thus, the Amendatory Endorsement unambiguously provides an additional provision, independent of the "Concealment or Fraud" provision, by which the putative misstatements now at issue void the policy. As such, the Court rejects Plaintiff's alternative argument.

**2. Bad Faith and Punitive Damages**

Defendant argues it is entitled to summary judgment on Plaintiff's bad faith and punitive damages claims regardless of the outcome of the breach of contract claim. An insurer can only be held liable for bad faith where there is no reasonable justification for non-payment, such that its conduct would be considered arbitrary and capricious. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552 (1994). Punitive damages are only available where a defendant acted with actual malice, or with aggravated or egregious fraud. Ohio Rev. Code Ann. § 2315.21(C)(1).

Regarding bad faith, Defendant claims it had a reasonable justification to deny Plaintiff's claim because Plaintiff made false warranties in her application, thus rendering the policy void *ab initio*. As discussed above, however, there is a factual dispute on this issue, and a jury who believes Plaintiff's story could find that Defendant had no reasonable justification to deny her claim. Similarly, a jury who believes Plaintiff's story could find that Defendant's conduct satisfies the standard for punitive damages. Therefore, Defendant's motion for summary judgment is denied as to bad faith and punitive damages.

8

**IV. Conclusion**

For the reasons stated herein, Defendant's motion to strike is granted, Doc. 26, and Defendant's motion for summary judgment denied. Doc. 16.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE